IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-12-261-M ) |
| DONELLA VELASCO, individually and d/b/a Los Mariachis, et al., | ) ) ) |
| Defendants. | ) ) |

**ORDER**

This case is scheduled for trial on the Court's May 2013 trial docket.

Before the Court is plaintiff's Motion for Summary Judgment as to Defendants Oscar Aguilar, Griselda Aguilar, and Aguilar Enterprises, LLC, (collectively, "Defendants") filed March 1, 2013. On March 28, 2013, defendants Oscar Aguilar, Griselda Aguilar, and Aguilar Enterprises, LLC filed their response. On April 4, 2013, plaintiff filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction[1]

Plaintiff purchased and retained the exclusive nationwide television distribution rights to *"The Event": Manny Pacquiao v. Joshau Clottey, WBO Welterweight Championship Fight Program* (the "Program"), telecast nationwide on Saturday, March 13, 2010. Plaintiff's distribution rights encompassed all undercard events, the main event, and all color commentary.

Pursuant to the contract granting plaintiff distribution rights, plaintiff entered into sub-licensing agreements with various commercial entities by which it granted limited sub-licensing

---

[1] The facts in this introduction are set forth in the light most favorable to Defendants.

rights to permit the public exhibition of the Program.[2] Without authorization of plaintiff, Defendants broadcasted the Program at their commercial establishment, Los Mariachis, operating at 3655 Northwest 39th Street, Oklahoma City, Oklahoma. Defendants did not pay a commercial licensing fee to exhibit the Program. The Program was received at Los Mariachis because residential satellite service was diverted into the establishment.

Defendant Oscar Aguilar was a manager of Los Mariachis and was present during the broadcasting of the Program. Defendants admit that the employees of Los Mariachis acted as agents of defendants Oscar Aguilar and Aguilar Enterprises, LLC and that Defendants intentionally broadcasted the Program.

Defendants collected a $5.00 cover charge to enter Los Mariachis on the night of the Program. According to Defendants, Defendants collected the $5.00 cover charge for a karaoke contest held at Los Mariachis on the same night of the Program. Defendants further assert that the entire sum collected from the cover charge was paid to winners of the karaoke contest.

II.    Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir.

---

[2]Defendants contend that plaintiff entered into a sub-licensing agreement with Direct TV, but provides no citation to support said disputed fact. Accordingly, the Court need not consider said disputed fact. Fed. R. Civ. P. 56(c)(1),(3); *see also* LCvR 56.1(c).

…

1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.    Discussion

    A.    Liability Under 47 U.S.C. §§ 553 and 605

Pursuant to 47 U.S.C. § 553(a)(1), "[n]o person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." 47 U.S.C. § 553(a)(1). Further, § 605(a) provides, in pertinent part:

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the

benefit of another not entitled thereto.

47 U.S.C. § 605(a).  Additionally, "[m]ost courts have found that 47 U.S.C. § 605 applies to piracy of satellite communications and 47 U.S.C. § 553 applies to piracy of cable broadcasts." *J & J Sports Prod., Inc. v. Perez*, No. CIV–11–1010–R, 2012 WL 3112421, at *1 n. 2 (W.D. Okla. July 31, 2012).

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to Defendants and viewing all reasonable inferences in Defendants' favor, the Court finds that there is no genuine issue of material facts as to whether Defendants illegally intercepted and broadcasted the Program in Los Mariachis.  In light of Defendants' admissions to broadcasting the Program without plaintiff's authorization, the Court finds that plaintiff is entitled to summary judgment as to Defendants' liability under §§ 553(a)(1) and 605(a).

B.   Statutory Damages[3]

Pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), the Court may award statutory damages "in a sum of not less than $1,000 or more than $10,000, as the court considers just." *Id.* § 605(e)(3)(C)(i)(II). If "the court finds that the violation [of § 605] was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation." *Id.* § 605(e)(3)(C)(ii).  However, "[i]n any case where the court finds that the violator was not aware and had no reason to believe that his acts constituted a violation of this section, the court in its discretion may reduce the award of damages to a sum of not less than $250." *Id.* §

---

[3]While 47 U.S.C. § 553(c)(3) provides for statutory damages, plaintiff soley requests statutory damages pursuant to 47 U.S.C. § 605.  Plaintiff's Motion for Summary Judgment as to Defendants Oscar Aguilar, Griselda Aguilar, and Aguilar Enterprises, LLC [docket no. 42] at 10-12.

605(e)(3)(C)(iii).

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to Defendants and viewing all reasonable inferences in Defendants' favor, the Court finds plaintiff is entitled to statutory damages under § 605(e)(3)(C). While Defendants assert that they did not gain a direct private financial gain from the cover charge because Defendants paid the sum collected to the karaoke contest winners, the Court finds it reasonable to infer that Defendants broadcasted the Program to gain some commercial or financial advantage due to the probable increase in the number of patrons during the broadcasting of the Program. Further, the Court finds that Defendants committed their violation of § 605 willfully as Defendants have shown no basis for their belief that the broadcasting of the Program was permitted.[4] Therefore, based upon the enchantment provisions of § 605(e)(3)(C)(ii), the Court finds that plaintiff is entitled to $15,000.00 in damages.

IV.   Conclusion

Accordingly, the Court GRANTS plaintiff's Motion for Summary Judgment as to Defendants Oscar Aguilar, Griselda Aguilar, and Aguilar Enterprises, LLC [docket no. 42].

**IT IS SO ORDERED this 1st day of May, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[4]As stated above, the crux of Defendants' argument that their conduct was not willful is based upon their assumption that they were permitted to divert residential satellite service to their commercial establishment, Los Mariachis.